Will the argument next in Stidhum v. 161-10 Hillside Auto Ave, LLC, 21-1653 Thank you Stidhum v. 161-10 Hillside Auto Ave, LLC So I think that the way that we'll proceed is we'll hear from Stidhum's counsel, then from Hillside Auto, then from the EEOC And thereafter, I understand that Ms. Troy, you've reserved two minutes for a vote. Is that correct? That's correct Okay, so why don't we start with you, Ms. Troy Good morning. May it please the Court, this is Tiffany Troy from Troy Law, P.L.L.C., attorneys for Allen v. Stidhum Can you, before you even start to get into the merits, talk to us about this mootness issue that was raised by the EEOC Yes, Your Honors. So our argument is that the appeal is to the dismissal of the case, even if it's without prejudice, is not moot Even while the issue of the early right to sue, and early right to sue is still an issue, and that's because the Court, even though the Court ordered the EEOC to reinvestigate there is still a practical, there is still sort of a state that is still present, and that is because allowing Plaintiff to proceed in the 2019 case rather than the 2021 case would restore appellant closer to her status quo ante, which is because the case has aged for close to two years from the filing of the complaint on September 25, 2019 What relief is different as a result of being able to proceed under the 2019 case? It would be different because the Plaintiff would not need to expand the cost and time to essentially serve the defendant again The Plaintiff would be able to proceed as if the motion to dismiss So are they not served in the newer action, the December 2021 action? Not yet, Your Honors. The defendants are not served in the 2021 action yet. So the point being is that What if they waived service? What if they said, you know, we see it on ECF, we waive service. Wouldn't it be moot then? The idea is that the time that the Plaintiff has to wait is also a state that is in question before this court is a case of first impression And the idea is that forcing the Plaintiff to refile the case even after the investigation is a harm to the Plaintiff given that the Plaintiff relied on the EEOC's regulation in order to file the case In his case, there is no harm because as Judge Williams pointed out, our relief if you were to prevail here would be to allow you to go forward But you already have another complaint where it is exhausted that you can move forward on. Whatever time you've lost because of the delay is lost Those two cases are exactly parallel at this point. You have a complaint pending in both and could proceed on the new one I think that even if your honors hold that the issue pertaining to the early right to sue is that moot, there are exceptions to mootness Namely that the issuance of the early right to sue letters is capable of repetition yet evading review Specifically, there are a lot of cases in the Second Circuit where the Plaintiff's file under an early right to sue letter in resolving this issue would be highly important And specifically, we have a case that we found at Dalton v. Superior Court where the Plaintiff employee filed for preliminary injunction prior to receiving her right to sue letter And the court in that case, the state court of appeals in that case, found that even though the Plaintiff's need for preliminary injunction became moot when she was fired The issue of the pre-right to sue termination can nevertheless be adjudicated And I respectfully ask that your honors consider that because it is an issue even though the predominant majority of the trend in the Eastern and Southern District Courts of New York is to allow the Plaintiff to proceed Dawson is a state court case? Yes, it's a state court case. It's Dalton v. Superior Court. The site is 163 Arizona 223. And that is a court of appeal case from 1990 But isn't that how this case is not going to evade review? In other words, many courts are going the other way than the District Court went They're saying that the Plaintiff should be able to file them early, right? We have multiple decisions in our circuit where District Courts have said that. So in those cases, the employer will appeal, right? The employer will appeal and it will get to this court in one of those cases eventually, right? It's not like this is a situation where it's just never going to get to the appellate court There are multiple circuits that have heard this issue. Four circuits have heard this issue. So doesn't that mean that that doctrine really doesn't apply here? I think that the doctrine does apply here, given that the uncertainty pertaining to the ability for the Plaintiff to rely on the early right to sue would mean that there would be Plaintiff's counsels That would wait the 180 days instead of asking for an early right to sue, even if that is to the advantage of the Plaintiff, which is why, you know, the Which is why the 9th Circuit, the 10th Circuit, and the 11th Circuit have each held that the early right to sue is permissible under the EEOC's promulgated regulations And I think that is, you know, essentially why we believe that the court should use this opportunity in this case of first impression to give the Plaintiffs as well as the defendants an answer once and for all Whether or not these early rights to sue letters should be permitted, and not have Plaintiffs rely on the EEOC's regulation, have most of the judges rule one way, have one judge rule this other way, and then have the case be appealed before this court Okay. Well, why don't you, if you would address the merits briefly, that would be great Yes, Your Honor. So, essentially, we have two arguments. The first is that the district court erred in finding that the only actual notices to create a right to sue are notices described in 42 U.S.C. section 2000E5F1 And the crux of the argument that we have is that the district court only described the condition in which the EEOC must issue a right to sue However, the critical inquiry is whether the EEOC may issue a right to sue before the end of the 180-day period, and the statute does not expressly prohibit that And, in fact, the district court also erred, and that's our second argument, the district court also erred in finding that the EEOC's regulation under 29 CFR section 1601.28A2, which allows for these early rights to sue letters, is not entitled to agency deference under Chevron And the court is mistaken in that respect in two regards. The first is that, in fact, you know, the statute is either, is silent as to whether or not the EEOC could issue such regulation And because it is in line with the EEOC's purpose, or one of the purposes, it's rationally related to the purpose of allowing the claimant to bring their case before the court And, therefore, under Chevron deference, the district court should have found that the EEOC is allowed to issue these early rights to sue letters and allow the plaintiff to proceed in their original case instead of dismissal without prejudice, ordering the EEOC to reinvestigate and to have the plaintiff Thank you. Thank you very much. I think we've got that argument well in mind, and we'll hear from your friend on the other side Mr. Kotath? Good morning, Your Honor Kotath, okay Good morning, and may it please the court, my name is Emmanuel When I say this, you don't have to do this, but you can take off your mask if you wish, but you can also keep it on I appreciate it Good morning again, my name is Emmanuel Kotath, I'm a known little walker PLOC for the Defendant's Appellees, Your Honors Does this court need not reach the mootness issue? Well, no, no, we need to reach the mootness issue because that is a matter of our subject matter jurisdiction, so why don't you address that? But even before that, Your Honor, the appeal was untimely, and it must be dismissed because it's untimely The order dismissing the case came into effect on April 5th of 2021, I believe, and the notice of appeal was filed on or about May 19th, beyond 30 days later I don't, I read the briefs on that and I was scratching my head, I don't really understand The district court said an opinion will follow, right? So it wasn't even a final decision by the district court The district court indicated an opinion was going to follow, so the text entry itself did not indicate it was a final decision And our case law is clear that you need a separate document labeled judgment in order for it to qualify as a judgment So that wasn't done here either, so can you respond to both of those things? Yes, Your Honor, the order saying that the motion to dismiss is granted is in fact the final order And the federal appellate rule procedure, I believe, 4 or 3, says that once you have that order stating that it's finally dismissed, that's what starts the clock What about the multiple cases that this court has said you need a separate document labeled a judgment In order to avoid exactly this type of problem when there's some ambiguity about whether or not it's time to appeal or not What about those cases? I would effectively submit that a judgment is only entered when there's some monetary Assume that you're wrong, assume that you're wrong So then what's your argument? The argument is then that I would agree with the appellant that this issue is not moved Oh, you would? Yes, Your Honor Also, in addition Why do you say that? Because this is something So you want us to get to the merits I believe this court should decide this issue on the merits There is a circuit split between four circuits, and this is an issue of first impression Why is this not moved? It's not moved because even if this court decides that it is moved, this will happen time and time again with other cases And waiting for another case to come to the second circuit should not go against So that is not a rationale or justification to find something A particular case is not moved That there's an important issue that needs to be resolved There are hundreds of important issues that need to be resolved that are not either right or that are in the context of a case that becomes a moot So why in this case is this not a moot appeal? I believe the reason why, Your Honor, is because the plaintiff was required to refile suit and spend financial resources in paying for another filing That's one way that the plaintiff was briefed by the order, and another way that I submit is that it's capable of repetition and creation within So you're adopting, on this very discrete issue, your friend's arguments You agree? Yes Let me just ask one more question. They identified the fact that they have to serve your client as a reason this is not moved You're going to require them to serve the new complaint, or are you going to accept service on that? I haven't been reached out to accept service. If I am reached out to do so, I will accept them Why don't you address the merits? Yes, Your Honor. Title VII was enacted and the EEOC was created as a buffer to the federal courthouse door Congress created the EEOC to resolve these discrimination complaints early on in the hopes that it will not be necessary for a charging party to go to federal court Congress, nonetheless, committed these charging parties to go to federal court if the EEOC did investigate the charge and dismissed it Would you agree that, at a minimum, that the statute is ambiguous on the issue of whether or not you can have an early right to sue notice? No, I don't believe it is ambiguous, Your Honor All four circuits, three circuits have gone their way, and the fourth circuit, I mean, the D.C. circuit, the fourth case, Martini, even they went your way, said it was ambiguous, right? Every single circuit has said it's ambiguous It did, Your Honor, but the local court here, the trial court here, Judge Kopner, she found the statute was not ambiguous because she read the text of the statute as requiring the EEOC to so notify But why isn't it read naturally as a maximum period rather than a minimum period? Multiple courts have said when it says if they dismiss the complaint or 180 days go by, they shall issue the notice And the argument the EEOC makes, the same argument, is that that means that's the maximum period It doesn't say you can't do it early, right? There's a few reasons why. First, there's an element of statutory construction, Your Honor, the expression of wants to the exclusion of all others I know, but they could have used may. If they used may, that would indicate mandatory, that you can't issue the letter until these things happen They didn't use may. They said shall, right? That is correct, Your Honor So that goes against you We're reading the statute by reading the word may No, if I say to you, if that red light goes off, you shall sit down, right?  Does that mean you have to talk for 10 minutes? No, it doesn't It means that you have to sit down after 10 minutes, but I didn't say anything about whether you have to go 10 minutes or not But if I say, if the red light goes off, then you may sit down, then I'm indicating you have to stand for 10 minutes You can't sit down until it goes off That's their argument here I agree with this Court that Subdivision F-1 is ambiguous However, reading the statute as a whole, as this Court has required to, including Subdivision B with the mandatory element of having the EEOC investigated It's very clear that Congress has in mind that there's a following time frame The EEOC has to notify the employers Isn't the relevant provision F-1? And if you acknowledge that F-1, that is the relevant language within F-1 relating to the 180-day period, is ambiguous Then why isn't it appropriate for the EEOC to regulate and fill the space that's been provided by Congress? Because by enacting this regulation, it's not a procedural regulation It actually attacks the heart of the statute, which requires investigation By allowing this regulation to go forward, the EEOC is abdicating its responsibility to investigate It doesn't require them It says they have 180 days If they haven't done it, it goes forward So there's nothing in the statute that suggests that the EEOC is going to do an investigation in every case I respectfully disagree, Your Honor There's a separate statutory provision that says the EEOC has 120 days to investigate the charge And statutorily requires them to do so So the timeline, again, is 10 days to give notice, 30 days to conciliate before filing a suit in its own capacity 120 days to complete its investigation The whole purpose of this provision was to make it so that plaintiffs want to assert important rights Under the discrimination laws, wouldn't have to wait indefinitely, right? Isn't that the whole purpose of the 180-day rule? That's correct, Your Honor And what you're proposing is that even though you've conceded now that the statute is ambiguous That it's unreasonable for the EEOC to interpret that statute by regulation to say We're not going to make plaintiffs wait around for the 180 days If the EEOC has already indicated, they don't think they're going to get to it Because that's thousands and thousands of plaintiffs every year We're just going to have to sit there and wait for no reason That's what you're telling us, the EEOC, that that's unreasonable Not whether we agree with that, that it's unreasonable when the statute is ambiguous That they want to allow these plaintiffs to move forward with their cases When they've made a judgment, they're not going to get to it in 180 days, right? But the lower court's reading and my argument is in line with the fact that the EEOC was designed as a buffer The federal court has a door And there's even legislative history that says even if the EEOC conciliates When you say buffer, you make it sound like offense Well, it is offense, Your Honor There's a requirement for the plaintiff to exhaust the military remedies What the plaintiff did here So you're saying that in every case, in the millions of cases Or maybe hundreds of thousands of cases that the EEOC has It must undertake a full conciliation process That's your view Yes, Your Honor, especially here Where we received, the defendants received notice of the charge And notice of the right to sue on the very same day The EEOC could have and should have offered the employer, my clients, the ability to mediate this case For the remaining 89 days after it notified them It didn't do that and violated its statutory mandate by failing to do so Conciliation is a separate obligation by the EEOC to investigation They are not mutually exclusive And the EEOC advocates responsibility in that respect as well And you point to what language in B to say that conciliation is a mandatory requirement That it must undertake in every single case Your Honor, in subdivision F1 itself Oh, it's F1, okay It requires The EEOC is required to notify the charging party If it fails to conciliate within the one and a half day period There are separate statutory provisions within Title VII Which the EEOC was kind enough to include in an appendix The entire statute That requires conciliation efforts by the EEOC When you say it requires conciliation I'm asking you respectfully Show me the language where that is a requirement As opposed to an aspiration I'm referring to the EEOC's relief at 81 A what? I'm referring to the EEOC's relief on page 50 at 81 When they included the enforcement provisions of 42 U.S.C. 2000 E-5 Okay Mine is not number 50, but go ahead If the commission, it says here under sub A If the commission determines after such investigation That there is reasonable cause to believe that the charge is true The commission shall endeavor to eliminate any such Alleged unlawful employment practice by informal methods Of conference, conciliation, and persuasion It says the commission shall do so The commission is required to If it finds that there is a reason to proceed, right? Correct, and it had 120 days on the statute to do so And in this case, it issued the right to sue early At the 91-day mark before its statutory prescribed time for investigation The only reason the EEOC issued the right to sue letter here Is because the plaintiff requested it, Your Honor The EEOC knows they're not going to get to all these cases They have too many, the caseload is too heavy  Congress understood when they passed this statute That the EEOC was not going to be able to do it in 120 days And so they made an outside limit, 180 days Whether they do it or not, in 180 days The plaintiffs get to move on with their case That's the whole point of this statute Is they knew the EEOC was not going to do what you're suggesting they're doing That's exactly right, Your Honor But I respectfully submit that the long journey of a window Is the only protection afforded to plaintiffs They have to wait until that time passes To permit the EEOC to carry out its statutory duties By giving the 180-day window They've already protected the charging parties From the administrative backlog They don't need to go any further to get any more protection It doesn't say in the statute That you get the most right to sue If they fail to sue, if they fail to conciliate And if they decide that they won't have time to do so There's nothing in the statute that reads that And it's a I know, but again, I just want to go back to If we're under Chevron It would show deference to the agency's interpretation Unless it's unreasonable No construction could possibly Their construction couldn't possibly be reasonable And you want us to conclude that Even though three circuits have concluded Exactly what they're suggesting here Including the Bryant case Said it would be a travesty to interpret the statute The way you're interpreting it Sims said it would be illogical And you're telling us we should rule Even under Chevron deference That what they're suggesting is unreasonable I have two arguments in response to that First and foremost, there's no prejudice To the charging party If I wait 100 days Nothing changes if they wait the full 100 days Second, there is a separate Mandatory statutory duty For the EEOC to investigate And have to conciliate And if they fail to do that And they're allowed to just issue Upon plaintiff's request They're abdicating their statutory responsibilities And the court should not permit them to do that Across the thousands of cases They're abdicating that responsibility And that's actually a violation of law In your view That's correct, Your Honor Because as the D.C. Circuit explained If the EEOC is backwalked as it is They should incorporate measures To fast track review They should ask Congress for more money In order to budget accordingly They can reassign staff The EEOC offices are all over the nation And there's a different amount of people In different offices that can be reassigned There's all sorts of things that can be done To permit the EEOC To carry out its statutory duty You can't It's like going to the D.N.P. And the D.N.P. tells you We're not going to issue plates Because we foresee that there's a thousand Plate requests ahead of you That's a non-starter The law was created for this purpose As a buffer to the federal courthouse norms To allow these cases to be resolved Before getting to the courthouse And the only reason the charging parties Are allowed to go to the courthouse Is if they disagree with the decision Or if they don't get any conciliation efforts That are reaching And they're unhappy with whatever the result is After an investigation I think we have your Can I just one question As we're trying to interpret this statute Should we or should we not take into account That the regulation that you're challenging Has been on the books for many decades I think the reason why We're in 2022 over a 1977 regulation Is that a lot of litigants Don't have the grain to wear with all Or don't see the value In getting a final answer on this question It's evident that there's a circuit split here It's evident that this is an issue That needs to be decided But a circuit split A circuit split Not because of a disagreement About the ambiguity in the relevant provision Correct Does that tie in a little bit To your capable of repetition Yet evading review argument I'm sorry, can I go on Is the phenomenon that you just described Does that sort of tie into Your capable of repetition Yet evading review argument Yeah, I believe it is Thank you Thank you, Your Honor Thank you very much We'll hear from the EEOC It says intervener here But I believe you're an amicus Yes Okay Good morning Annabelle Aquilino For the EEOC and amicus We appreciate your invitation For us to participate In this case on appeal First, I'd like to confirm That we do think That you have to, of course Consider whether the case is moot And we know that the plaintiff's complaint Her second complaint From her lawsuit December 29, 2021 Alleges that we issued A notice of dismissal And right to sue That can confirm for this court That we did So we checked both boxes So to speak Under the statute Of Judge Kopner's direction Which is we dismissed the charge And we have processed it For more than 180 days So clearly then She was entitled to go to court And file her lawsuit Within 90 days Which she did If I could circle back I think this court understands That the text of 706 F1 Is ambiguous And I think that you made it clear That you understand that argument So I'd like to just focus And circle back To the defendant's argument Which reiterates the mistake That Judge Kopner made In reading the statute Which is turning to Section 706 D And trying to read into there Some obligation of conciliation Judge Kopner thought There was a guaranteed 180-day window of conciliation And of course I think what just came out From your discussion With my friend Is that there actually Is no obligation of conciliation In 706 D 706 D does require conciliation But it requires us To engage in that Only after we find A reasonable cause on the charge The reality is We get between 65,000 and 75,000 charges A year Just the last couple Of fiscal years Sometimes it's been up To 99,000 We only find a reasonable cause In a relatively small percentage Of those charges Some are closed out Sometimes When you say Relatively small percentage Could you give a little bit More color to that? Yes The statistics are on our web page And so to understand From the pool of charges That come in Some do fall away Some settle on their own Sometimes clients withdraw them But out of the cases That we complete the investigation We find reasonable cause In approximately 3% It varies a little bit But just in the last Couple of fiscal years So rarely do we engage In cause That is a prerequisite That triggers conciliation So our statistics On the web page Show that we engage In conciliation Maybe 2,000 times a year So there's no guarantee Of conciliation at all    It's not a prerequisite For a private party's lawsuit And the idea That somehow We're going to get A reasonable cause Is not a prerequisite For a private party's lawsuit So when we cajole Into getting the conciliation If we're forced To hold on to the charge For 180 days It just doesn't work Can you tell me You know we have this split In authority around the country So at least in the D.C. circuit There's a different approach Does the EEOC have a different Processing track for cases Within that jurisdiction? That's a good question, Your Honor I've confirmed     Within Washington, D.C. So if a complaint ever comes in We have to have A different process Within the jurisdiction So we have to have A different process Within the jurisdiction Within the jurisdiction So if a complaint ever comes in We have to have A different process To what we call An early right to sue Then we have to explain That under the Martini decision We're not able to get that To the charging department Until 180 days In our view This is just an exercise In futility I'm just wondering If there's any data As to whether A higher percentage Of cases In that district End up then Getting investigated Or conciliated Or literally There's just Dead time For 180 days In those cases I would expect Really it's just dead time Our website also said We repeated this fact In our brief That the average investigation By the H.O.C. Is 10 months So the average investigation Exceeds Based on the period Of the 180 day window It's not that Every investigation Takes that long But I just Speak to We are really Overwhelmed with our charges We are the experts We're the ones Who have to deal With the intake of charges And we define That this is the most Efficient way to do that And we think It's in keeping With the purpose Of the statute And the whole reason Why the 180 day window Was to allow Complainants to go to court So they wouldn't Have to be bogged down In an administrative Tragmire Where we're not able To process their charges I mean you The thrust of all this Is a prompt remedy A prompt remedy Correct? Yes we agree And we think When we're not able To get to the charges  The prompt remedy Is to allow The complainants To go to court So if we would have affirmed I think the statistics In your brief Was that For fiscal year It was For fiscal year 2021 There'd be over 3,000 Early right to sue Letters That would not Have been able To be issued And based on What you're telling us Here is Unless there was Reasonable cause Found in You know 3% of those cases Which presumably There wouldn't be Because there's made Some determination I think Based upon the Issuance of the Early right to sue Letter That it doesn't fall In that category Those are just They're just Sitting there 3,000 cases Just sitting there No conciliation No investigation Nothing That's right Because In this case It was the district Director But an EEOC official Has determined It's improbable That we would be able To process it Within 180 days And there's nothing To be gained By making complainants Wait a month Two months Five months Up to six months When the EEOC Is not able To get to it Okay Thank you There's just A few points That I didn't get to In the first round That I wanted to get to now Relating to the Witness issue And I want to address The case cited In the EEOC's Applicant's brief Which is the Church Scientology Of California And Bush Where the Court of Appeals Found that It could not Provide any further Relief Because of an Underlying change In the law Which moves The challenge of The law's Disconstitutionality Here however The court Could vacate The underlying District court Order And the And allow The initial case To proceed I agree with Appellee's Counsel That The need To Refile Or file A new case After the Dismissal Without prejudice  Not only Time But also Cost In terms of Having to Refile the Complaint In terms of Service I understand That Appellee's Counsel Said that He would You know Consider Waiver of Service But there's Also the Cost Associated With a Motion to Dismiss But Ms. Troy You're overlooking The fact that You've done That already If you Hadn't If you Hadn't Filed A separate Action That would I think You Clearly Wouldn't be Moved Just because You could Do those Things But you Did it Here There are A number Of cases Where we Have said Where a District Court Said You can't Add claims To this Case Right No leave To amend To add Additional To the Case It's Still A Mootness Issue And Your Complaint Is Exactly The same And it's Been Properly Exhausted Right I think I would Just Add That In the Events That The Court Finds That The Issue Is Mootly Respectfully Join The EEOC And Ask That The Court At The Very Least Keep The Judgment Below So That There Wouldn't Be You Know In The First Proceeding That Might Not Be Available To You Because Of The Fact That Time Is Elapsed In The Second Proceeding Can You Elaborate So The Point To Sue Is Because They Found That The Last Time Itself Is Prejudiced To Address Your Specific Question Yes There Is Danger That The Client Is Evident To Be In  Second    Not Be Available To   Of The Fact That Time Is Elapsed In The Second Proceeding That Might Not Be Available To You In Either Case Correct And So What Would Change Between The Two Proceedings If You Have One Witness That Is Able To Remember Now Or Not Able To  Do Anything Of The Sort I Am Not Aware Of Any Case Where This Has Come Up Again In The D.C. Circuit So I Don't Believe That We Have Accommodations In The Same Way That It Makes For The D.C. Circuit Jurisdiction In Terms Of How It Processes These Claims And How Does It Process Claims Right Now Have Accommodations In The D.C. Circuit